26569.   REGENCY CONSTRUCTION COMPANY, INC.
v. GWINNETT COUNTY et al.

ARGUED JUNE 14, 1971—DECIDED JULY 9, 1971.

*Harrison & Garner, G. Hughel Harrison,* for appellant.

*Webb, Fowler & Tanner, W. Howard Fowler, Homer Stark,* for appellees.

GRICE, Justice. The appellant here complains of the grant of a temporary injunction prohibiting it from using the improvements on certain real property for any purpose other than single family residences.

The litigation began when the appellant, Regency Construction Company, Inc., filed a complaint in the Superior Court of Gwinnett County against Gwinnett County, Georgia, the Board of Commissioners of Roads and Revenues of that county, and its Zoning Administrator, seeking, in essence, injunctive relief from interference with appellant's further construction of described buildings, and for general relief.

Thereafter, the appellee John W. Phelps, a property owner residing in the area, on his own behalf and others similarly situated, intervened, claiming that the construction violated restrictive covenants permitting only single family dwellings in the area. The appellant filed an answer to the intervention, denying its material averments and asserting that it was proceeding lawfully.

Upon a hearing the county defendants were temporarily enjoined from interference with construction as prayed for in the

complaint, but the appellant was temporarily enjoined from proceeding with construction of multi-family dwellings in the area involved.

Thereafter, upon a subsequent hearing, the trial court modified the injunction so as to provide, in essential part, as follows: ". . . the court finds that there is sufficient evidence to authorize the granting of a temporary restraining order as to the use of said property for more than a single family residence. The [appellant] is authorized to proceed with construction, and [it] is enjoined and restrained from using any such building for any use other than a single family residence."

The appeal is by the construction company from the order as thus modified.

The dispute is whether two tracts in question, shown on a subdivision plat and marked "Reserved," are subject to covenants restricting the lots therein to single family residences only.

From the evidence adduced at the hearing the trial court was authorized to find that the tracts were subject to such covenants. Events transpiring in the laying out of the subdivision support this conclusion. Also, subsequent representations made to prospective purchasers who relied upon them require it. See in this connection, *Westhampton, Inc. v. Kehoe,* 227 Ga. 642 (182 SE2d 430), and citations.

Furthermore, grant of the temporary injunction pending final trial is in keeping with the rule of balancing of the conveniences, as stated in the *Westhampton* case, supra. In this connection, the appellant's suit sought relief against interference by the county officials from *construction.* This relief was granted upon showing of the construction cost already incurred. The action complained of, injunction against *use* of the buildings until a jury trial, was in furtherance of the principle of balancing the conveniences.

Upon consideration of the record we find no abuse of discretion in the disposition made by the trial court.

*Judgment affirmed. All the Justices concur.*